Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6451 | **DATE** | 6/30/2000 |
| **CASE TITLE** | USA, ex rel, LESTER BOSTON vs. MICHAEL V. NEAL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court denies Boston's petition for habeas corpus relief and hereby terminates this case. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUN 30 2000 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| CG | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. LESTER BOSTON, ) ) ) Petitioner, ) ) v. ) ) MICHAEL V. NEAL, ) ) Respondent. ) | Judge Ronald A. Guzman<br><br>99 C 6451 |

**DOCKETED**
JUN 3 0 2000

## MEMORANDUM OPINION AND ORDER

Petitioner Lester Boston ("Boston") petitions this court for a for a writ of habeas corpus arguing that his right to due process was violated by the state's failure to prove an element of the crime of which he was convicted. Boston is currently a prisoner in custody of Warden Michael V. Neal at Danville Correctional Center in Danville, Illinois.

### Procedural and Factual Background

At trial, the evidence established that at 3:00 a.m. on March 22, 1989, the victim, Cleotha Adams, was fatally shot in the back during an armed robbery at a gas station where he worked. Darryl Williams, an employee of the gas station, testified that he was asleep inside the station when the victim ran inside and told him to call the police because he had been shot. Williams also testified that it was customary for an attendant to carry no more than $50 on his person while working, but that it was possible to carry as much as $125.00 when the station was busy. He testified that the attendants did not always follow the policy.

Chicago Police Officer Patrick Good testified that when he arrived at the gas station, he

17

observed an overturned blue plastic garbage can about forty feet from the victim's body. The victim's cap and some coins were near the garbage can. Coins were also on the ground near the victim's body.

On April 14, 1989, after receiving a tip from co-defendant Tremmel Broadwater, two police officers apprehended Boston. At the police station, Boston told the police officers that on the night of the incident, Demetrius Broadwater was driving the car with co-defendants Boston, Terrance Johnson, and Tremmel Broadwater as passengers. Johnson told Broadwater to pull into the gas station so they could rob it. Boston told the officers that when they arrived at the station Williams was asleep inside and the victim was outside. Johnson got out of the car, announced a robbery and demanded money. When the victim turned, Johnson shot him in the back. After the victim fell to the ground, Johnson searched his pockets. Johnson then returned to the car where he told the others that they would divide the money later. They each received $20.00.

Several hours after the police interviewed Boston, the assistant state's attorney committed Boston's statement to writing. Boston read the statement out loud and then signed it. The written statement corresponded to his oral statement to police.

Boston was found guilty of armed robbery and felony murder and sentenced to concurrent prison terms of fifteen and thirty years respectively. In his direct appeal, Boston contended that the government had failed to prove the *corpus delecti* of armed robbery and, as a result, had failed to prove him guilty of felony murder. Boston also asserted that he had been deprived of effective assistance of counsel where counsel failed to file a motion to suppress certain statements Boston had made to police. The Appellate Court affirmed Boston's conviction in an unpublished order pursuant to Supreme Court Rule 23. *People v. Boston*, 254

Ill. App. 3d 1106, 667 N.E. 2d 1103, 217 Ill. Dec. 710 (1st Dist. 1993).

After his conviction was affirmed, Boston filed a *pro se* petition seeking post-conviction relief on the basis of ineffective assistance of trial counsel. The petition noted that in finding Boston guilty, the trial court placed great weight on the fact that the victim was found without any money on his person, when in fact, there was a police report that was never presented that indicated that the victim was actually found with $39.00 in his pocket. The petition asserted that Boston's defense counsel's failure to present this report to the trial court led to Boston's conviction. Attached to the petition were the police report and a verified statement from attorney Daniel Stohr stating that he had obtained the police report from Boston's trial attorney.

An assistant public defender was appointed by the court to represent Boston in his petition. At a hearing on the government's motion to dismiss the petition, defense counsel advised the court that she was filing nothing further on behalf of Boston and requested an evidentiary hearing. The trial court dismissed the petition.

On appeal of the dismissal of his post-conviction petition, Boston contended that the trial court erred in dismissing his petition without an evidentiary hearing because his claim was based upon matters outside the trial record. Specifically, he asserted that the police report attached to his petition negated the findings of the trial court that money had been taken from the victim, and therefore, trial counsel was ineffective for failing to introduce the report as evidence of Boston's innocence.

In response, the state argued that Boston waived the issue of ineffective trial counsel because it could have been presented on direct appeal. The state asserted that the information in the police report was included in the trial record because Boston's trial was a severed trial heard simultaneously

3

with the co-defendants' trials. Further, the state asserted that Broadwater and Boston were both represented by attorney Stohr in their direct appeals and that Broadwater's brief argued that the *corpus delecti* of the offense was not proven because of the $39.00 found in the victim's pocket. The state argued that Boston could have raised the issue on appeal as his co-defendant did, and because he failed to do so, he waived the issue under the Post-Conviction Act.

The appellate court found that Boston's defense counsel did not present certain evidence on behalf of Boston, and because it was not part of the trial record it was properly before the court in a post-conviction petition. The court found Boston did not waive the issue by failing to argue it on direct appeal. However, the court found Boston's contentions without merit because he did not sufficiently allege that his counsel's performance was deficient, nor did he sufficiently allege prejudice. Accordingly, the court found that Boston's petition did not establish that trial counsel was ineffective for failing to present the police report as evidence. The court also found that Boston did not demonstrate that he was deprived of effective assistance of counsel at the hearing on the government's motion to dismiss his post-conviction petition. The court affirmed the order of the circuit court that dismissed Boston's post-conviction petition without an evidentiary hearing.

After Boston's post-conviction petition was dismissed by the appellate court, Boston petitioned for leave to appeal to the Supreme Court of Illinois and claimed ineffective assistance of counsel for failing to present evidence contained in the police report. On February 3, 1999, the Supreme Court of Illinois denied Boston's petition for leave to appeal.

4

## Discussion

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. Here, Illinois's established, normal appellate review procedure is a two-tiered system. Comity, in these circumstances, dictates that [a defendant] use the State's established appellate review procedures before he presents his claims to a federal court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Failure to present certain claims to the Illinois Supreme Court in a timely fashion results in a procedural default of those claims for a petition for a writ of habeas corpus. *Id.* Thus, to determine whether a petitioner's claims are procedurally defaulted, the court must ask "not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *Id.* at 848.

Boston's petition for leave to appeal to the Illinois Supreme Court solely addressed a Sixth Amendment claim of ineffective assistance of counsel. In contrast, the claim Boston raises in his habeas corpus petition is that the government deprived him of his right to due process by its failure to prove the *corpus delecti* of armed robbery beyond a reasonable doubt. These are clearly two different claims. By failing to raise the due process claim in his petition for leave to appeal to the Illinois Supreme Court, Boston failed to exhaust his remedies in state court, which results in the procedural default of this claim.

This does not end the Court's analysis, however. Where a petitioner has procedurally defaulted on his federal claims in state court, federal habeas corpus review of the claims is barred unless the petitioner can: (1) show cause for the default and actual prejudice as a result of the

5

alleged federal law violation; or (2) show that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

Boston does not discuss the cause for his procedural default of his violation of due process claim. Boston maintains in his response that the issue he raised in the appellate court and the issue raised in his petition for leave to appeal to the Illinois Supreme Court are both the same issue of the *corpus delecti* of armed robbery not being met. (Pet'r's Resp. ¶ 10.) Boston maintains his belief that he has not defaulted on the federal issue in his petition for a writ of habeas corpus review in the federal court.

Boston's contention that he has presented the violation of due process issue for failure to prove the *corpus delecti* of armed robbery is incorrect. On appeal to the Appellate Court of Illinois, and in his petition for leave to appeal to the Supreme Court of Illinois, Boston raised the issue of ineffective assistance of counsel. As discussed above, a claim of the denial of one's right to effective assistance of counsel is a separate and distinct issue than that of the denial of one's right to due process.

Further, Boston cannot lay the blame for the default on anyone else's doorstep but his own because he was pro se when he filed his post-conviction petition, his appeal of the dismissal of the post-conviction petition, and his petition for leave to appeal to the Illinois Supreme Court. Thus, Boston has failed to demonstrate cause for the default. Since Boston has not shown cause for the procedural default of his claim, it is irrelevant whether he can show prejudice because a habeas petitioner must establish both cause and prejudice, not one or the other. *Id.* at 749-50.

Because Boston is unable to establish cause sufficient to excuse his default, he may obtain review of his constitutional claim of violation of due process "only if he falls within the

6

'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). "A fundamental miscarriage of justice occurs when 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 315.

Boston has not shown that a fundamental miscarriage of justice has occurred. First, he does not claim actual innocence. Second, he has not established that it is probable that no reasonable juror would have found him guilty beyond a reasonable doubt in light of the police report assuming the police report could be considered new evidence. Therefore, because Boston's claim has been procedurally defaulted and he has failed to establish cause and prejudice or a fundamental miscarriage of justice, Boston is barred from bringing his due process violation claim in a petition for federal habeas corpus review.

## Conclusion

For the foregoing reasons, the Court denies Boston's petition for habeas corpus relief and hereby terminates this case.

SO ORDERED

ENTERED:

*[signature]*

HON. RONALD A. GUZMAN
United States Judge

7